UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN McCRIGHT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Susanville State Prison,<br><br>Respondent. | No. 2:14-cv-0974-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application is granted. *See* 28 U.S.C. § 1915(a).

However, that does not end the inquiry. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. Petitioner challenges the January 20, 2014 decision of the Board of Parole Hearings to deny him parole. ECF No. 1 at 2. He claims that his constitutional rights were violated because the Board did not calculate his post-conviction credits or set a release date for him. *See generally id.* As explained below, it is plain that petitioner is not entitled to relief and his petition must be dismissed.

/////

Petitioner has raised similar claims in connection with prior decisions of the Board to deny him parole. *See, e.g., McCright v. Warden*, No. 3:11-cv-4715-JW (N.D. Cal.); *McCright v. Warden*, No. 2:12-cv-2403-GEB-EFB (E.D. Cal.). In *McCright v. Warden*, No. 2:12-cv-2403-GEB-EFB (E.D. Cal.), the undersigned recommended dismissal of the petition, explaining as follows:

> As petitioner admits, he was given an indeterminate sentence for murder. ECF No. 24 at 4. As an indeterminately sentenced prisoner, he cannot be released until he is found suitable for parole, regardless of the length of time he serves in prison. *In re Dannenberg*, 34 Cal. 4th 1061, 1083-84 (2005). There is no state-created liberty interest in having a term of years set for a prisoner serving an indeterminate life term for murder who has not been found suitable for parole. Moreover, petitioner's sentence remains indeterminate even after the enactment of the [determinate sentencing law]. *See id.* Absent a change in the law that increased his quantum of punishment, petitioner cannot demonstrate an ex post facto claim. *See Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (summarizing acts that implicate the "core concern" of the Ex Post Facto Clause). For these reasons, the petition does not raise a federal claim, and must be dismissed.

*McCright*, No. 2:12-cv-2403-GEB-EFB, ECF No. 33 (Findings and Recommendations) at 3; *see also id.*, ECF No. 35 (Order adopting Findings and Recommendations). Though the instant challenge relates to a new and more recent decision of the Board of Parole Hearings, petitioner's claims are essentially the same, and must also be dismissed. As an indeterminately sentenced prisoner who has not been found suitable for parole, petitioner is not entitled to a release date (or to credits that would provide for such a release date), and he has not alleged a violation of his federal constitutional rights.

Accordingly, it is HEREBY ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 2) is granted.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed and all outstanding motions denied (ECF No. 6);

/////

/////

2. The Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations, together with a copy of the April 21, 2014 petition, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

3. The Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: July 28, 2014.

　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE